IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FREDERICK DEVANE REED, )
)
    Petitioner, ) CIVIL ACTION NO.: CV513-088
)
v. )
)
UNITED STATES OF AMERICA, ) (Case No.: CR502-06)
)
    Respondent. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Frederick Reed ("Reed") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. The United States of America filed a Motion to Dismiss. Reed filed a Response. For the reasons which follow, the United States' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Reed was convicted, after he pleaded guilty, of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Reed was sentenced to 188 months' imprisonment after this Court applied an 18 U.S.C. § 924(e) enhancement. Reed did not file an appeal. However, Reed filed a previous section 2255, which this Court granted after an evidentiary hearing. Reed was resentenced to 188 months' imprisonment on January 26, 2004. Reed was then permitted to file an out-of-time appeal, which was dismissed on December 20, 2004.

Reed asserts that his sentence was enhanced based on facts which were not decided by the jury. Reed contends that this assertion could not be raised until recently, as the United States Supreme Court recognized this issue in Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (June 17, 2013). The United States contends that Reed's Motion is untimely and should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

Section 2255 of Title 28 of the United States Code provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Motions made pursuant to this section are subject to a statute of limitations period. This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

AO 72A
(Rev. 8/82)

According to Reed, the Supreme Court's decision in Alleyne provides the applicable statute of limitations triggering event pursuant to 28 U.S.C. § 2255(f)(3). Reed simply declares that Alleyne announces a newly recognized right which should be declared retroactively applicable. (Doc. No. 1, p. 4). Such a declaration is without merit. The Supreme Court did not declare that the new rule in Alleyne is retroactive on collateral review, nor is it likely to do so. Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) (the new constitutional rule announced in Alleyne has not been made retroactively applicable on collateral review, and Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), which itself is not retroactive, which indicates that Alleyne will not be made retroactively applicable); accord, In re Payne, ___ F.3d ___, 2013 WL 5200425, at * 1–2 (10th Cir. Sept. 17, 2013).[1] Accordingly, Alleyne does not save Reed's untimely section 2255 motion, and the appropriate statute of limitations period is not found in section 2255(f)(3).

Reed does not assert that he was prevented from making a motion earlier or that his motion is based on newly discovered facts. 28 U.S.C. §§ 2255(f)(2)&(4). Thus, the applicable limitations period began when his conviction became final. 28 U.S.C. § 2255(f)(1). Reed was re-sentenced on January 26, 2004, and judgment was entered on the same date. (CR502-6, Doc. No. 40). Reed filed an appeal, and the Eleventh Circuit Court of Appeals dismissed his appeal on December 20, 2004. (CR502-6, Doc. No. 53). Reed had 90 days to file a petition for writ of certiorari with the United States Supreme Court, or until March 20, 2005. SUP. CT. R. 13.3 (the time to file a petition for writ of certiorari runs from the date of the entry of judgment or order sought to be

---

[1] Alleyne overrules Harris v. United States, 536 U.S. 545 (2002), and holds that facts which increase mandatory minimum sentences must be submitted to a jury. Alleyne, ___ U.S. at ___, 133 S. Ct. at 2163–64.

AO 72A
(Rev. 8/82)

reviewed, not the issuance date of the mandate). Reed failed to file a petition with the Supreme Court, and thus, his conviction became final on March 20, 2005. Accordingly, Reed had until on or before March 20, 2006, to file a timely section 2255 motion. Reed executed his § 2255 motion on August 26, 2013, and mailed it on the same date; it was filed in this Court on September 3, 2013. (Doc. No. 1, p. 12). Reed did not timely file his motion under § 2255(f)(1), as his motion was filed more than 8 years after the applicable statute of limitations period expired.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the United States of America's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Reed's Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 18th day of November, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)